UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------x
EMPIRE STATE CARPENTERS WELFARE, PENSION,
ANNUITY, APPRENTICESHIP, CHARITABLE TRUST,
LABOR MANAGEMENT COOPERATION and
SCHOLARSHIP FUNDS and their TRUSTEES, DALE
STUHLMILLER, TODD HELFRICH, PATRICK MORIN,
JOHN O'HARE, CHRIS FUSCO,
ALAN EHL, WILLIAM MACCHIONE, WILLIAM
BANFIELD, JAMES MALCOLM, STANLEY
TURTENWALD, ROSS PEPE, ALAN SEIDMAN,
LLOYD MARTIN, LARRY THAYER, WILLIAM WEIR,
DAVID HAINES, FRANK WIRT, TOM BURKE, JAMES
LOGAN, FRANK JONES, AARON HILGER, ANGELO
MASSARO, JAMES HOLLEY, DOUG O'CONNER

                    Plaintiffs,                REPORT AND
                                              RECOMMENDATION

   -against-
                                                 CV 10-603 (JS) (ETB)

HOLIDAY MAGIC CORP. d/b/a H.M. COMPANY,

                    Defendant.
-----------------------------------------------------------------------x

TO THE HONORABLE JOANNA SEYBERT, United States District Judge:

      The plaintiffs, the Trustees ("plaintiffs" or "the Trustees") of seven employee benefit funds (the "Funds"), brought this action against the defendant, Holiday Magic Corp. ("Holiday Magic"), pursuant to Section 502 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. § 1132. Plaintiffs seek to recover unpaid employee benefit contributions, interest, liquidated damages and attorney's fees and costs that Holiday Magic was obligated to pay under the terms of a collective bargaining agreement.

-1-

FACTS

Plaintiffs commenced this action on February 11, 2010. Defendant failed to answer or otherwise appear in this action. On November 23, 2010, Judge Seybert referred plaintiffs' motion for a default judgment and the determination of any accompanying damages, including reasonable attorney's fees, to the undersigned for a Report and Recommendation. Plaintiffs filed an Amended Motion for Damages on April 20, 2011. An inquest on damages was held before the undersigned on May 25, 2011. Holiday Magic failed to appear at the inquest.

Nathan Bradley, the Collections and Contributions Coordinator for the Funds, testified at the inquest on behalf of plaintiffs. Mr. Bradley testified that although Holiday Magic was a contributing employer to the Funds, it failed to remit the required employee benefit contributions, in accordance with the collective bargaining agreement between Holiday Magic and the Union, for the period March 2007 to June 2009. (Tr. 5.) He further testified that the interest on these unpaid contributions at $578.87 through April 18, 2011 and $0.53 for each day thereafter until entry of judgment. (Tr. 6.) Liquidated damages were calculated at 20% of the unpaid contributions, amounting to $1,200.64. (Tr. 5.) Finally, Bradley testified that the cost of the audit was $1,077.50. (Id.)

DISCUSSION

I. Legal Standard

When a party fails to appear or defend an action by an adverse party, a default may be entered against the non-moving party. See Fed. R. Civ. P. 55. After entry of the default, "a defendant is deemed to have admitted all of the well-pleaded allegations raised in the complaint pertaining to liability." Time Warner Cable of N.Y. v. Rivera, No. 99-2339, 1995 WL 362429, at *2 (E.D.N.Y. June

8, 1995); see also Time Warner Cable of N.Y. v. Barbosa, No. 98-3522, 2001 WL 118606, at *5 (S.D.N.Y. Jan. 2, 2001) (quoting Transworld Airlines, Inc. v. Hughes, 449 F.2d 51, 63 (2d Cir. 1971)). Damages, however, must be proven, usually "at an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." Rivera, 1995 WL 362429, at *2 (citing Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp., 973 F.2d 155, 158 (2d Cir. 1993)). Plaintiffs are "entitled to all reasonable inferences from the evidence [they] offer[]." Cablevision Sys. New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997) (citing Au Bon Pain Corp. v. Artect, Inc., 653 F.2d 61, 65 (2d Cir. 1981)).

In the within action, plaintiffs filed their Complaint on February 11, 2010. A copy of the Complaint was personally served upon on an authorized agent of Holiday Magic on April 28, 2010. See Aff. of Service by Jawara Richards, May 5, 2010. On June 14, 2010, the Clerk of the Court certified that Holiday Magic had failed to plead or otherwise appear in this action. Nor did Holiday Magic appear at the inquest held by the undersigned on May 25, 2011. Accordingly, the undersigned recommends that a default judgment be entered against defendant Holiday Magic.

II. ERISA

ERISA requires every employer who enters into a collective bargaining agreement to make those contributions "in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145. Thus, in deciding upon damages in a case under ERISA, the Court must look to the agreement between the parties. To ensure that employers will make their contributions in a timely manner, Section 1132(g)(2) of ERISA provides for additional monies to be paid by delinquent employers. See 29 U.S.C. § 1132(g)(2); Iron Workers Dist. Council v. Hudson Steel Fabricators & Erectors, 68 F.3d 1502, 1506

(2d Cir. 1995). Section 1132(g)(2) of ERISA provides, in pertinent part, that:

> In any action . . . by a fiduciary for or on behalf of a plan to enforce section 1145 of this title in which a judgment in favor of the plan is awarded, the court shall award the plan - (A) the unpaid contributions, (B) interest on the unpaid contributions, (C) an amount equal to the greater of - (i) interest on the unpaid contributions, or (ii) liquidated damages provided under the plan not in excess of 20 percent . . . of the amount determined by the court under subparagraph (A), (D) reasonable attorney's fees and costs of the action, to be paid by the defendant.

29 U.S.C. § 1132(g)(2).

III. Damages

    A. Unpaid Contributions

Based on the testimony and the documentary evidence offered by plaintiffs at the inquest held on May 25, 2011, the undersigned recommends that damages be awarded in the amount of $6,003.20. (Tr. 5; Pl. Amended Statement of Damages 3 and Ex. A, annexed thereto.) This amount reflects the unpaid contributions owed to the Funds for the period March 2007 through June 2009.[1] (Tr. 5; Pl. Amended Statement of Damages 2-3.).

    B. Interest

Pursuant to Section 502(g) of ERISA, plaintiffs are entitled to interest on the unpaid

---

[1] There is a discrepancy in the record on this point. The spreadsheet attached as Exhibit A to the Amended Statement of Damages calculating the unpaid contributions to the fund indicates that the amount owed was calculated for the period of March 2007 to June 2008. However, Bradley testified at the hearing that the period extended to June 2009. Bradley's Declaration also asserts that the period for which he calculated these unpaid contributions comprised March 2007 to June 2009. (Tr. 5). The Court will thus assume that the notation on Exhibit A is a scrivener's error.

-4-

contributions. See 29 U.S.C. § 1132(g)(2)(B). As of the date of Plaintiff's Amended Statement of Damages - April 18, 2011 - the interest due and owing amounts to $578.87. (Tr. 6; Pl. Amended Statement of Damages 3). Plaintiffs also calculated a the amount of interest per diem at $0.53. (Tr. 6; Pl. Amended Statement of Damages 3). Accordingly, I recommend that plaintiffs be awarded interest through April 18, 2011 in the amount of $578.87, plus additional interest through the date of judgment entered herein, to be calculated at $0.53 per day.

### C. Audit Fees

Plaintiffs also seek to recover fees incurred in connection with the audit conducted in this action in the amount of $1,077.50. (Pl. Amended Statement of Damages 3.) The costs of an audit are routinely recoverable in ERISA actions. See, e.g., Gesauldi v. MBM Indus., Inc., No. CV 10-2607, 2010 U.S. Dist. LEXIS 96319, at *5 (E.D.N.Y. Sept. 13, 2010) (awarding $4,260 in audit costs); Masino v. A to E, Inc., No. 09 CV 1651, 2010 U.S. Dist. LEXIS 95583, at *22 (E.D.N.Y. Sept. 3, 2010) (awarding $1,137 in audit fees); Gesualdi v. Andrews Trucking Corp., No. 09 CV 565, 2010 U.S. Dist. LEXIS 54596, at *3 (E.D.N.Y. June 3, 2010) (awarding $13,382.50 in audit fees). Accordingly, I find the audit fees requested of $1,077.50 to be both recoverable and reasonable and recommend that they be awarded to plaintiffs.

### D. Liquidated Damages

Section 502(g) of ERISA provides for liquidated damages in an amount not to exceed 20% of the amount of unpaid contributions. 29 U.S.C. § 1132(g)(2)(C)(ii). Accordingly, I recommend that plaintiffs be awarded liquidated damages in the amount of $1,200.64.

E.  Post-Judgment Interest

28 U.S.C. § 1961 states that "[i]nterest shall be allowed on any money judgment in a civil case recovered in a district court." 28 U.S.C. § 1961(a). The very language of 28 U.S.C. § 1961 ensures that an award of post-judgment interest is mandatory in any civil case where money damages are recovered. See 28 U.S.C. § 1961(a) (stating that "[i]nterest *shall* be allowed") (emphasis added); see also Lewis v. Whelan, 99 F.3d 542, 545 (2d Cir. 1996) ("The award of post-judgment interest is mandatory on awards in civil cases as of the date judgment is entered."). "Such interest shall be calculated from the date of entry of the judgment, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding the date of the judgment." 28 U.S.C. § 1961(a). This interest is to be "computed daily to the date of payment." Id. § 1961(b).

Accordingly, I recommend that plaintiffs be awarded post-judgment interest on their monetary award, to be calculated pursuant to 28 U.S.C. § 1961.

F.  Attorney's Fees

Section 502(g) of ERISA permits plaintiffs to recover their reasonable attorney's fees and costs. See 29 U.S.C. § 1132(g)(2)(D). Attorney's fees should be "documented by contemporaneously created time records that specify, for each attorney, the date, the hours expended, and the nature of the work done." Kirsch v. Fleet St., Ltd., 148 F.3d 149, 172 (2d Cir. 1998). Here, plaintiffs' counsel provided records of the date, time spent, and the nature of the work performed by each person who worked on the case. (Decl. of Owen M. Rumelt Exs. 1-2.) The Court has reviewed these statements and finds the time spent and the fees charged to be reasonable. Accordingly, I

recommend that attorney's fees be awarded in the amount requested of $3,809.00.[2]

      F.      <u>Costs</u>

As stated above, ERISA permits the recovery of plaintiffs' reasonable costs as well. <u>See</u> 29 U.S.C. § 1132(g)(2)(C). Plaintiffs' attorney submitted time records from two firms who worked on this case. The time records for the Slevin firm include a breakdown of expenses: (1) $30.21 for an asset search; (2) $7.84 in online research fees; (3) $0.60 in photocopies; (4) $0.44 in postage; and (5) $0.89 in telephone fees, for a total of $39.98. (Decl. of Owen M. Rumelt Ex. 1). Plaintiffs' attorney also claims costs in the amount of $529.76 for the Levy firm: (1) $350.00 to the Clerk of the Court, EDNY; (2) $75.00 in service fees to the Secretary of State of New York; and (3) $104.76 in online research fees. (Decl. of Owen M. Rumelt 5). I find all of these costs reasonable. . Accordingly, I recommend that plaintiffs be awarded costs in the amount of $569.74.

### RECOMMENDATION

For the foregoing reasons, and based on the evidence submitted, I recommend that plaintiffs' motion for a default judgment be granted. I further recommend that plaintiffs be awarded damages as follows: (1) the unpaid balance due and owing under the promissory note in the amount of $6,003.20; (2) interest through April 18, 2011 in the amount of $578.87, plus additional interest through the date of judgment entered herein, to be calculated at $0.53 per day; (3) audit fees in the amount of $1,077.50; (4) liquidated damages in the amount of $1,200.64; (5) post-judgment interest,

---

[2] The Court notes that plaintiffs' counsel was afforded the opportunity at the inquest before the undersigned to file a supplemental attorney's fees submission to include those fees incurred in connection with the inquest. More than one month has passed since the inquest was held and plaintiffs have failed to submit any such supplemental filing.

to be calculated pursuant to 28 U.S.C. § 1961; (6) attorney's fees in the amount of $3,809.00, and (7) costs in the amount of $569.74. Thus, the sum total of the recommended judgment is $13,238.95, plus additional interest through the date of judgment herein, as set forth above, and post-judgment interest, pursuant to 28 U.S.C. § 1961. Finally, I recommend that Plaintiff's original Motion for Damages (Docket No. 8) be denied as moot.

Plaintiffs' counsel is directed to serve a copy of this report on all parties upon receipt.

### OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Any written objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of service of this Report. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b). Failure to file objections within fourteen (14) days will preclude further appellate review. Thomas v. Arn, 474 U.S. 140, 145 (1985); IUE AFL-CIO Pension Fund v. Herrmann, 9 F.3d 1049, 1054 (2d Cir. 1993); Frank v. Johnson, 968 F.2d 298, 299-300 (2d Cir. 1992).

**SO ORDERED:**

Dated: Central Islip, New York
 June 28, 2011

/s/ E. Thomas Boyle
E. THOMAS BOYLE
United States Magistrate Judge